UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ZARA NORTHOVER,<br>                      Plaintiff,<br><br>v.<br><br>ROCKET MORTGAGE, LLC,<br>                      Defendant. | Case No. 24-11265<br>Honorable Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman |

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS (ECF NO. 12)**

## I.    Introduction

Plaintiff Zara Northover ("Northover") sues defendant Rocket Mortgage, LLC, f/k/a Quicken Loans, LLC ("Rocket"), her former employer, for racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981 and for interference with and retaliation for asserting her rights under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2615(a). ECF Nos. 1, 8. Rocket moves to dismiss Northover's first amended complaint (FAC). ECF No. 12. That motion is fully briefed, ECF Nos. 12, 19, 20, and the Court heard oral argument from the parties on November 27, 2024. For the reasons discussed below, the Court denies Rocket's motion to dismiss.

## II.     Procedural and Factual Background

According to the allegations in the FAC, Northover, an African American woman, began her employment with Rocket in December 2014. ECF No. 8, PageID.19. During her time as an Associate Banker in purchase banking, Northover was promoted three times in two and a half years, elevating to President's Club Purchase Banker in 2017. *Id*. She received multiple accolades, positive client reviews, and produced about $40 million in purchase mortgage sales in one year. *Id*. Rocket created a documentary highlighting Northover's impact and skills to inspire Rocket team members. *Id.* From 2019 through 2021, Northover held salaried positions for which she achieved expectations and earned a bonus. *Id*. at PageID.20.

In November 2022, Northover complained to her manager, Director Sonja Regish ("Regish"), that Rocket was discriminating and retaliating against her after she was assigned to a position in refinance banking instead of her area of specialty, purchase banking. *Id*. at PageID.21, ¶ 16A. The following month, Rocket placed Northover on an Opportunity Letter ("OL") for performance, which is Rocket's version of a probation. *Id*. at PageID.20, ¶ 8. Northover was told she was in the bottom 10% of her 15-person team. *Id*. A white team member who wrote no loans that month did

not receive an OL. *Id*. Northover met 80% of her January 2023 OL sales quota; a white employee on the team did not hit the goal but was relieved of the OL. *Id*.

Northover complained of retaliation to her new manager, Paul Dingman ("Dingman"), in February 2023, after she was denied a transfer to a team within her specialty and not allowed to apply for other positions. *Id*. at PageID.22, ¶ 16B. Dingman told her that she could not be transferred due to her OL. *Id*. at PageID.20, ¶ 10. A white employee, under the same management as Northover and subject to more than one OL, received a transfer. *Id*., ¶¶ 12, 14.

After receiving a second OL, Northover was demoted in April 2023, which decreased her earning potential. Id., ¶ 11. A white team member subject to two OLs was not similarly negatively affected. *Id*. Northover asserts that after she took approved intermittent FMLA leave in February 2023, she was given only 27 days, instead of the 30 days ordinarily permitted, to satisfy the second OL's sales quota. *Id*. at PageID.20-22, ¶¶ 9, 16D. According to Northover, Dingman's manager, Senior Vice President Michael Selah ("Selah"), told her the time to meet her quota was reduced due to the FMLA leave she took. *Id.* at PageID.22, ¶ 16D.

Northover raised her discrimination and retaliation complaints with a Team Relations Specialist in March 2023 and explained to Dingman and Selah in April 2023 that she should never have been placed on the original OL because she had not been in her newly-assigned role for 60 days so as to be compared equitably and that she had different goals and expectations than others. *Id.*, ¶¶ 16C,E. She also complained to her Team Relations Specialist, Lexi Kozempa ("Kozempa") about the second OL, the three-day penalty for exercising her FMLA rights, and the denial of her ability to transfer. *Id.* at PageID.23, ¶ 16I.

Also in April, Northover complained of discrimination and retaliation in the form of denied transfers and her second OL to Chief Revenue Officer Austin Niemic ("Niemic"). *Id.* at PageID.22-23, ¶ 16G. Niemic referred Northover to Jenny Lam-Mihalko ("Lam-Mihalko"), Director of Team Relations to whom Northover repeated her complaints. *Id.* at PageID.23, ¶ 16H. Northover notified her management and the Team Relations department of the EEOC complaint she filed as well. *Id.* at PageID.22, ¶ 16F. Northover failed to meet the goals of the second OL, and Rocket terminated her employment on May 10, 2023. *Id.* at PageID.21, 23, ¶¶ 13, 17.

In summary, Northover asserts that Rocket disciplined, demoted, and fired her but that a similarly-situated white team member, also subject to two OLs, was not precluded from transferring departments, demoted, or fired when he failed to achieve OL goals. *Id.*, ¶¶ 17, 18. She alleges in her FAC that the various described conduct constituted race discrimination and retaliation under both 42 U.S.C. § 1981 and Title VII, as well as interference and retaliation in violation of FMLA.

### III. Analysis

#### A. Standard of Review

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Golf Village N., LLC v. City of Powell*, 14 F.4th 611, 617 (6th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal marks omitted). To state a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint "does not need detailed factual allegations" but must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555. The court "need not accept as true a legal conclusion

couched as a factual allegation, or an unwarranted factual inference." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 539 (6th Cir. 2012) (internal citations and quotation marks omitted).

The Sixth Circuit has explained that "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. "[P]lausibility occupies that wide space between possibility and probability." *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (internal marks omitted).

To state an employment discrimination claim, a plaintiff need only plead sufficient facts from which the court could plausibly conclude that defendant took adverse action against the plaintiff because of her membership in a protected class. *See Charlton-Perkins v. Univ. of Cincinnati*, 35 F.4th 1053, 1060-61 (6th Cir. 2022). "In determining whether a plaintiff has stated a plausible claim for relief, the court must accept any factual allegations as true and draw all reasonable inferences in the

plaintiff's favor." *Ogbonna-McGruder v. Austin Peay State Univ.*, 91 F.4th 833, 839 (6th Cir. 2024).

**B.**

"[A] 12(b)(6) motion to dismiss is generally 'an inappropriate vehicle for dismissing a claim based upon the statute of limitations'" because courts may consider only the allegations in the complaint at the motion-to-dismiss stage. *Snyder-Hill v. Ohio State Univ.,* 48 F.4th 686, 698 (6th Cir. 2022) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)). Dismissal is warranted only if the allegations in the complaint affirmatively show that the claim is time-barred. *Id.*

Here, Rocket's argument that Northover's § 1981 claims are time-barred relies on the terms of the parties' employment agreement. *See* ECF No. 12. That agreement is not part of the FAC, nor is it referred to in Northover's claims. *See* ECF No. 8.

At oral argument, Rocket argued that Northover's employment agreement was integral to her complaint such that the agreement (and the limitations provision therein) could be considered within the context of a

motion to dismiss.[1] But because Northover does not reference the employment agreement in her complaint and she claims employment discrimination against Rocket, the employment agreement is not integral to her allegations of discrimination for purposes of Rule 12(b)(6) consideration. *See Voto v. Lowry Computer Products, Inc.*, 2009 WL 10680228, at *4-5 (E.D. Mich. June 2, 2009).

The court thus cannot consider the employment agreement, nor the limitation period imposed within that agreement, without converting Rocket's motion to dismiss to a motion for summary judgment. *See id*. Although the court has discretion to sua sponte convert a Rule 12(b)(6) motion into a Rule 56 motion, this option "should be exercised with great caution and attention to the parties' procedural rights." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. 2009); *see also* Fed. R. Civ. P. 12(d). The Court finds that considering Rocket's motion under Rule

---

[1] Rocket cites *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657 (7th Cir. 2002), to support its position, but the Court finds the case inapposite. Although the *Rosenblum* court considered an employment agreement— unattached and unreferenced by the complaint—as integral to the action for motion to dismiss purposes, it did so in the context of a breach of contract action, not a discrimination case. *Id*. at 661-62. Moreover, the *Rosenblum* employment agreement was incorporated by reference by the merger clause in the agreement under which the plaintiff sued.

56 would be premature and thus declines to convert its motion to dismiss to a motion for summary judgment. Accordingly, the Court cannot rely on the employment agreement, or the limitations period found within it, and will not consider Rocket's time-barred argument at this stage. The Court denies Rocket's motion to dismiss Northover's § 1981 claims on this basis.

**C.**

Rocket argues that Northover fails to plausibly allege claims for race discrimination or retaliation under either § 1981 or Title VII. Title VII prohibits employers from "discriminat[ing] against any individual with respect to her compensation, terms, conditions, or privileges of employment because of such individual's race." 42 U.S.C. § 2000e–2(a). Section 1981 affords a federal remedy against racial discrimination in private employment. *Crane v. Mary Free Bed Rehabilitation Hosp.*, 634 F. App'x 518, 524 (6th Cir. 2015).

"A complaint that includes only conclusory allegations of discriminatory intent without supporting factual allegations does not sufficiently show entitlement to relief." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012) (referencing *Iqbal*, 555 U.S. at 680-681). Although a complaint need not present "detailed factual allegations," it must

allege sufficient "factual content" from which a court, informed by its "judicial experience and common sense," could "draw the reasonable inference" that defendant intentionally discriminated against plaintiff because of her race. *See Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678, 679). "If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied." *Id*. But, as the Sixth Circuit has explained, "[t]his Court is not required to accept inferences drawn by Plaintiff if those inferences are unsupported by the facts alleged in the complaint." *Han v. Univ. of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2013) (emphasis added).

Rocket argues that the FAC fails to plead a viable discrimination claim based upon a "similarly situated person" theory. Citing *Smith v. City of Toledo,* 13 F.4th 508, 515 (6th Cir. 2021) and *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992), Rocket asserts that a plaintiff and her alleged comparator must be similar in all relevant aspects and that the "similarly situated" individuals with whom a plaintiff seeks to compare herself must have had the same supervisors, have been subject to the same standards, and have engaged in the same conduct without such

differentiating or mitigating circumstances to validate the differing treatment.

Rocket is correct that courts employ this disparate treatment analysis to determine whether plaintiffs have established a prima facie case for discrimination. *See Smith*, 13 F.4th at 515. But "[n]otably, at the motion-to-dismiss stage, a plaintiff is not required to plead facts establishing a prima facie case as is required under *McDonnell Douglas v. Green*." *Ogbonna-McGruder,* 91 F.4th at 839 (6th Cir. 2024) (citing *Keys,* 684 F.3d at 608-09). Indeed, courts rely upon the standard and supporting authority cited by Rocket to determine whether a plaintiff's claim has the evidentiary support to survive summary judgment, not to test the viability of her allegations at the motion to dismiss stage. *See Lee v. Vanderbilt Univ.*, 2023 WL 4188341, at *4 (6th Cir. June 22, 2023) (applying *McDonnell Douglas* framework at the motion to dismiss stage is inappropriate). "Rather, a complaint alleging discrimination and retaliation claims need only allege factual content sufficient to allow a court to 'draw the reasonable inference' that the employer discriminated or retaliated against the plaintiff." *Id*. at *3 (quoting *Keys*, 684, F.3d at 610).

Read in the light most favorable to Northover and accepting all of the allegations as true, the FAC sets forth sufficient facts to state a plausible claim of disparate treatment racial discrimination. Northover alleges that a white male team member, under the same management as she was, was not issued an OL despite writing no loans but that she was issued an OL for writing only one loan. ECF No. 8, PageID.20, ¶ 8. She alleges that, unlike her, the white team member was relieved of the OL even though he did meet the performance goal it set. *Id*. She also alleges that a white team member operating under an OL was allowed to transfer positions when she was denied transfers and the opportunity to apply for other positions because she was subject to an OL. *Id*. at PageID.20-21, ¶¶ 12, 14. She alleges that she was demoted after receiving a second OL but that a white team member, also subject to two OLs, was not similarly negatively impacted. *Id*. at PageID.20, ¶¶ 11, 18. Taken together, the facts alleged in the FAC are sufficient to allow the Court to "draw the reasonable inference," that Rocket took adverse action against Northover due to her race. *See Keys*, 684 F.3d at 610.

The cases cited by Rocket do not persuade the Court otherwise. First, as discussed, the cases Rocket cites analyzing discrimination cases

in the context of a summary judgment motion are not applicable here. Rule 56 motions test whether a plaintiff's claim has the evidentiary support to survive summary judgment, and not whether the factual allegations and the reasonable inferences to be drawn from them plead a plausible claim sufficient to withstand a Rule 12(b)(6) motion. *See, e.g., Smith*, 13 F.4th at 515; *Mitchell*, 964 F.2d at 583; *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344 (6th Cir. 1998).

Rocket's cited cases decided on the pleadings are distinguishable from Northover's case. In *House v. Rexam Beverage Can Co.*, 630 F. App'x 461, 462, 464 (6th Cir. 2015), for example, the court dismissed plaintiff's complaint, finding that his allegations that "he was treated less favorably than substantially younger employees" and substantially younger employees assumed his duties and responsibilities were essentially recitations of the elements of an age discrimination claim. The court found that the complaint's absence of facts regarding how the "substantially younger employees" were similarly situated to plaintiff and its lack of examples of how the defendant treated those younger employees more favorably rendered it insufficient to support a plausible inference of discrimination. *Id*. at 464. But here, Northover's FAC is not factually lacking

in this way. She alleges that the white male comparators treated more favorably than her were on her team and subject to the same management. ECF No. 8, PageID.20, ¶¶ 8, 12. She also alleges that they were underperforming and subject to two OLs, just as she was. *See id.*, ¶¶ 11, 12, 14, 18. Unlike the complaints in *House*, the FAC contains sufficient factual matter to establish an inference of race discrimination.

Northover's case is likewise distinguishable from *Smith v. Wrigley Mfg. Co. LLC.* 749 F. App'x 446, 448 (6th Cir. 2018). The plaintiff in *Smith* alleged the younger employees were "performing on par" with her but their employment was not terminated as was hers. She alleged no names, ages, or qualifications for the younger employees treated differently, nor did she offer examples of how their treatment differed. But here, as noted, Northover specifically alleged that white male colleagues on her team had been treated differently in multiple ways: one had written zero loans to her one loan but did not receive an OL as she did; another white male colleague was relieved of his OL after underperforming its requirements but she was not; yet another white male colleague was permitted to transfer positions within Rocket despite being under an OL when she was told she could not transfer or apply for other positions while subject to an OL. These

Page **14** of **19**

specific examples of disparate treatment for like conduct are sufficient to support an inference of race discrimination. *See Smith*, 749 F. App'x at 448 (citing *Keys*, 684 F.3d at 610). Thus, Northover's discrimination claims survive Rocket's motion to dismiss.

### D.

Rocket asserts that the FAC's allegations fail to plausibly state a retaliation claim under Title VII, § 1981, or FMLA. To recover for retaliation, a plaintiff must establish that (1) he engaged in protected activity, (2) the employer knew of the exercise of the protected right, (3) an adverse employment action was subsequently taken against the employee, and (4) there was a causal connection between the protected activity and the adverse employment action. *See Khalaf v. Ford Motor Co.*, 973 F.3d 469, 488–89 (6th Cir. 2020) (internal quotation omitted).

"[R]etaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action." *Univ. of Texas S.W. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013). But, again, a plaintiff must only allege sufficient "factual content" from which a court, informed by its "judicial experience and common sense," could "draw the reasonable inference," that defendant retaliated against her. *See Keys*, 684 F.3d at 610

(quoting *Iqbal*, 556 U.S. at 678, 679); *see, e.g., Lee*, 2023 WL 4188341, at *3 (applying *Keys* to retaliation claim); *Crowder v. Railcrew Xpress*, 557 F. App'x 487, 493 (6th Cir. 2014) (same). "If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied." *Keys*, 684 F.3d at 610.

Rocket argues that Northover's FAC does not contain sufficient facts to establish a causal connection between Northover's alleged protected activity and her demotion or subsequent separation. Specifically, Rocket asserts that Northover does not allege any facts suggesting that the individuals involved in the decisions to demote and separate Northover were aware of her protected activity. According to Rocket, without such allegations it cannot be reasonably inferred that Northover's protected activity caused the unidentified decisionmakers to take the challenged actions. The Court disagrees.

Northover's FAC alleges that she complained of discrimination and retaliation to her direct supervisors, Regish and Dingman, to Dingman's manager, Selah, and to Niemic, Rocket's Chief Revenue Officer. ECF No. 8, PageID.21-22, ¶ 16. Likewise, she alleges that she complained to several members of Rocket's human resources or Team Relations

department, naming Lam-Mihalko, Director of Team Relations and Kozempa, Northover's assigned Team Relations Specialist, specifically, as well as referencing complaints to unidentified Team Relations Specialists. *Id*. Although Northover does not allege the identity of any of the decisionmakers for the alleged adverse actions taken against her, the Court, informed by its "judicial experience and common sense," can certainly draw the reasonable inference that the decisions to issue OLs, demote, and ultimately terminate Northover would have been made by at least one of the identified members of management and the Team Relations department, all of whom were aware of her protected activities. The Court is persuaded that the FAC alleges sufficient facts to plausibly plead retaliation claims under Title VII, § 1981, and FMLA.

## E.

Finally, Rocket argues that Northover fails to allege facts to support an interference claim under the FMLA. The Court disagrees because, as explained below, a complaint need not specify whether the alleged FMLA violation constitutes an interference claim or a retaliation claim.

The FMLA recognizes two types of claims. The first, known as an entitlement or interference claim, arises when an employee is wrongfully

denied a substantive entitlement to a FMLA benefit. *Milman v. Fieger & Fieger, P.C.*, 58 F.4th 860, 866 (6th Cir. 2023). The second type of claim, generally known as a retaliation or discrimination claim, arises when an employer takes an adverse employment action against the employee for exercising or attempting to exercise a right protected by the FMLA. *Id*.

Some courts have segregated these two types of FMLA claims, considering a retaliation claim as distinct from an interference claim asserting wrongful denials of FMLA entitlements. *Id*. But the Sixth Circuit recognizes that an adverse employment action in response to the exercise of a statutory right—retaliation for engaging in protected activity—is also a form of interference or restraint on the ability to exercise that statutory right. *Id*. at 866-67. Accordingly, the distinction between an interference claim and retaliation claim is of no practical consequence in alleging a valid FMLA claim. *Id*. at 867; *see also Crispell v. FCA US, LLC*, 2024 WL 3045224, at *5 (6th Cir. June 18, 2024).

Northover's allegations that Rocket used her FMLA leave to shorten the time she had to improve her performance may be cognizable as either an interference or a discrimination claim. Her FMLA interference claim thus survives Rocket's motion.

Page **18** of **19**

## IV.  Conclusion

For the reasons discussed, the Court **DENIES** Rocket's motion to dismiss (ECF No. 12).

Dated: January 10, 2025

s/ Shalina D. Kumar  
SHALINA D. KUMAR  
United States District Judge