UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZARA NORTHOVER,

    Plaintiff,

v.

ROCKET MORTGAGE, LLC,

    Defendant.

Case No. 24-cv-11265
Hon.  Shalina D. Kumar
Mag.  Kimberly G. Altman

_____/

**DEFENDANT, ROCKET MORTGAGE, LLC'S, ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

Defendant, Rocket Mortgage, LLC ("**Rocket Mortgage**"), by and through its attorneys, Morganroth & Morganroth, PLLC, hereby answers Plaintiff, Zara Northover's ("**Plaintiff**"), First Amended Complaint as follows:

1.  Rocket Mortgage neither admits nor denies for lack of sufficient information upon which to form a belief.

2.  Rocket Mortgage admits.

3.  Rocket Mortgage admits only that Plaintiff filed meritless EEOC charges, and two meritless lawsuits in Wayne County Circuit Court where the court granted summary disposition in favor of Rocket Mortgage in both cases. Rocket Mortgage denies the remaining allegations in this paragraph for reason untrue in the manner and form alleged.

4. Rocket Mortgage admits.

5. Rocket Mortgage denies for reason untrue.

6. Rocket Mortgage admits only that Plaintiff began her employment with Rocket Mortgage on December 14, 2015. Rocket Mortgage denies the remaining allegations in this paragraph for reason untrue in the manner and form alleged.

7. Rocket Mortgage admits only that Rocket Mortgage created a documentary featuring Northover, Northover held salaried positions as a Mouse Trapper in 2019 and as a Product Manager in 2020-2021, and Northover received a review stating that she achieved expectations and a bonus while she was a Product Manager. Rocket Mortgage neither admits nor denies whether Northover received over 100 positive reviews from clients for lack of sufficient information upon which to form a belief. Rocket Mortgage denies the remaining allegations in this paragraph for reason untrue in the manner and form alleged.

8. Rocket Mortgage admits only that Plaintiff was placed on an opportunity letter due to her performance in December 2022. Rocket Mortgage denies the remaining allegations in this paragraph for reason untrue.

9. Rocket Mortgage denies for reason untrue. In further answer, Rocket Mortgage states that Plaintiff was approved for intermittent FMLA leave beginning on January 24, 2023.

10. Rocket Mortgage denies for reason untrue.

11. Rocket Mortgage admits only that Plaintiff was demoted effective April 1, 2023, because she received two opportunity letters within a six month period. Rocket Mortgage denies the remaining allegations in this paragraph for reason untrue.

12. Rocket Mortgage denies for reason untrue.

13. Rocket Mortgage admits only that Plaintiff was separated from her employment with Rocket Mortgage. Rocket Mortgage denies the remaining allegations in this paragraph for reason untrue.

14. Rocket Mortgage denies for reason untrue.

15. Rocket Mortgage denies for reason untrue.

16. Rocket Mortgage denies the allegations in this paragraph, including the allegations in subparagraphs (A) through (I) for reason untrue.

17. Rocket Mortgage denies for reason untrue.

18. Rocket Mortgage denies for reason untrue.

19. Rocket Mortgage denies for reason untrue.

## COUNT I

### 42 USC 1981, et seq. – RACE DISCRIMINATION

20. Rocket Mortgage restates and incorporates by reference all paragraphs of this Answer as if fully set forth herein.

21. Rocket Mortgage denies for reason untrue.

3

22. Rocket Mortgage denies for reason untrue.

23. Rocket Mortgage denies for reason untrue.

WHEREFORE Rocket Mortgage respectfully requests that the Court dismiss this meritless count in its entirety with prejudice, and award Rocket Mortgage the costs and attorney fees wrongfully incurred in defending this count.

## COUNT II

## 42 USC 1981, et seq. – RETALIATION

24. Rocket Mortgage restates and incorporates by reference all paragraphs of this Answer as if fully set forth herein.

25. Rocket Mortgage denies for reason untrue.

26. Rocket Mortgage denies for reason untrue.

27. Rocket Mortgage denies for reason untrue.

WHEREFORE Rocket Mortgage respectfully requests that the Court dismiss this meritless count in its entirety with prejudice, and award Rocket Mortgage the costs and attorney fees wrongfully incurred in defending this count.

## COUNT III

## TITLE VII – RACE DISCRIMINATION

28. Rocket Mortgage restates and incorporates by reference all paragraphs of this Answer as if fully set forth herein.

29. Rocket Mortgage admits only that Plaintiff filed an EEOC charge and that Plaintiff's First Amended Complaint was filed within 90 days of the issuance of a right to sue letter. Rocket Mortgage denies the remaining allegations in this paragraph for reason untrue.

30. Rocket Mortgage denies for reason untrue.

WHEREFORE Rocket Mortgage respectfully requests that the Court dismiss this meritless count in its entirety with prejudice, and award Rocket Mortgage the costs and attorney fees wrongfully incurred in defending this count.

## COUNT IV

## TITLE VII – RETALIATION

31. Rocket Mortgage restates and incorporates by reference all paragraphs of this Answer as if fully set forth herein.

32. Rocket Mortgage denies for reason untrue.

WHEREFORE Rocket Mortgage respectfully requests that the Court dismiss this meritless count in its entirety with prejudice, and award Rocket Mortgage the costs and attorney fees wrongfully incurred in defending this count.

## COUNT V

## FMLA

33. Rocket Mortgage restates and incorporates by reference all paragraphs of this Answer as if fully set forth herein.

34. Rocket Mortgage denies for reason untrue.

35. Rocket Mortgage denies for reason untrue.

36. Rocket Mortgage denies for reason untrue.

WHEREFORE Rocket Mortgage respectfully requests that the Court dismiss this meritless count in its entirety with prejudice, and award Rocket Mortgage the costs and attorney fees wrongfully incurred in defending this count.

## AFFIRMATIVE DEFENSES

1. <u>Failure to State Any Claim for which Relief May Be Granted</u>. Plaintiff's claims fail as a matter of law because, among other reasons, Plaintiff has failed to adequately allege the required elements of her purported discrimination, retaliation, and FMLA claims.

2. <u>Contractual Limitations Period</u>.  Plaintiff's claims are barred in whole, or in part, by the one-year limitations period set forth in the employment agreement between Plaintiff and Rocket Mortgage.

3. <u>Statute of Limitations</u>.  Plaintiff's claims are barred in whole, or in part, by the applicable statutory limitations period.

4. <u>EEOC Statute of Limitations.</u> To the extent Plaintiff's Title VII claim is based upon events that occurred more than 300 days prior to Plaintiff filing an EEOC charge, such claim is time barred.

5. <u>Wrongful Conduct</u>. Plaintiff's claims are precluded in whole, or in part, by virtue of Plaintiff's own wrongful conduct.

6. <u>Prior Material Breach of Contract</u>. Plaintiff's claims are barred by Plaintiff's prior material breaches of the employment agreement between Plaintiff and Rocket Mortgage.

7. <u>No Such Relief May be Granted</u>. The relief sought by Plaintiff is improper, inappropriate, and/or otherwise not available under the law upon which her claims rest including, but not limited to, that there is no basis for punitive, exemplary, liquidated, incidental, and/or consequential damages.

8. <u>Bad Faith</u>. Plaintiff's claims are precluded, in whole or in part, by virtue of Plaintiff's own bad faith conduct.

9. <u>Unclean Hands</u>. Plaintiff's claims are barred by the doctrine of unclean hands.

10. <u>Collateral Estoppel</u>. Plaintiff's claims are barred, in whole or in part, pursuant to the doctrine of collateral estoppel.

11. <u>Res Judicata</u>. Plaintiff's claims are barred, in whole or in part, pursuant to the doctrine of res judicata.

12. <u>Plaintiff Was the Cause of Any Alleged Damages.</u> Plaintiff's claims are barred because Plaintiff's actions were the proximate cause of any alleged damages sustained by Plaintiff.

13. <u>Failure to mitigate damages</u>.  Plaintiff is not entitled to any relief because Plaintiff has failed to take reasonable steps to mitigate her alleged damages.

14. <u>Additional Defenses</u>.  Defendants reserve the right to assert additional defenses upon the discovery of additional information.

                                      Respectfully submitted,

                                      MORGANROTH & MORGANROTH, PLLC

                                      <u>/s/ Jeffrey M. Thomson</u>
                                      JEFFREY B. MORGANROTH (P41670)
                                      JEFFREY M. THOMSON (P72202)
                                      PAMELA K. BURNESKI (P82039)
                                      Attorneys for Defendant
                                      344 N. Old Woodward Ave., Ste. 200
                                      Birmingham, MI 48009
                                      (248) 864-4000
                                      [jmorganroth@morganrothlaw.com](mailto:jmorganroth@morganrothlaw.com)
                                      [jthomson@morganrothlaw.com](mailto:jthomson@morganrothlaw.com)
                                      [pburneski@morganrothlaw.com](mailto:pburneski@morganrothlaw.com)

Dated: January 24, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send electronic notification of such filing to all counsel of record.

                                  MORGANROTH & MORGANROTH, PLLC

                                  /s/ Jeffrey M. Thomson
                                  JEFFREY B. MORGANROTH (P41670)
                                  JEFFREY M. THOMSON (P72202)
                                  PAMELA K. BURNESKI (P82039)
                                  Attorneys for Defendant
                                  344 N. Old Woodward Ave., Ste. 200
                                  Birmingham, MI 48009
                                  (248) 864-4000
                                  jmorganroth@morganrothlaw.com