UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZARA NORTHOVER,

      Plaintiff,

v.

ROCKET MORTGAGE, LLC,

      Defendant.

Case No. 24-cv-11265
Hon.  Shalina D. Kumar
Mag.  Kimberly G. Altman

_____/

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT,
<u>ROCKET MORTGAGE, LLC'S, MOTION FOR SUMMARY JUDGMENT</u>**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES...................................................................................... ii

I.  THE ABSENCE OF COMPARATOR EVIDENCE IS DISPOSITIVE ....... 1

II.  NORTHOVER CANNOT ESTABLISH CAUSATION ............................... 1

III.  NORTHOVER CANNOT ESTABLISH PRETEXT..................................... 2

IV.  NORTHOVER'S FMLA CLAIM FAILS......................................................... 5

V.  NORTHOVER'S ADMINISTRATIVE REMEDIES.................................... 6

VI.  THE CONTRACTUAL LIMITATIONS PERIOD ....................................... 7

CERTIFICATE OF SERVICE .............................................................................. 8

# INDEX OF AUTHORITIES

**Cases**

*Beard v. AAA*,
    593 F. App'x 447 (6th Cir. 2014).....................................................................2

*Brown v. FCA US LLC,*
    2025 U.S. App. LEXIS 33120 (6th Cir. December 17, 2025) .......................1

*Gjokaj v. U.S. Steel Corp.,*
    700 F. App'x 494 (6th Cir. 2017).....................................................................1

*Jackson v. Genesee County Rd. Comm'n,*
    999 F.3d 333 (6th Cir. 2021) ...........................................................................2

*Jones v. Sumser Retirement Village,*
    209 F.3d 851 (6th Cir. 2000) ...........................................................................6

*Kuhn v. Washtenaw Cnty.,*
    709 F.3d 612 (6th Cir. 2013) .......................................................................5, 7

*McKinnon v. L-3 Communications*,
    814 F. App'x 35 (6th Cir. 2020)......................................................................2

*Mensah v. Mich. Dep't of Corr.,*
    621 F. App'x 332 (6th Cir. 2015).....................................................................1

*Rayford v. Am. House Roseville I, LLC,*
    2025 Mich. LEXIS 1400 (July 31, 2025) ........................................................7

*Rice v. Jefferson Pilot Fin. Ins.,*
    578 F.3d 450 (6th Cir. 2009) ...........................................................................7

*Rust v. Quality Car Corral*,
    614 F.2d 1118 (6th Cir. 1980) .........................................................................7

ii

*Smith v. City of Toledo,*
    13 F.4th 508 (6th Cir. 2021) ..................................................................1

*Tennial v. UPS,*
    840 F.3d 292 (6th Cir. 2016) .................................................................3

*White v. Baxter Healthcare Corp.,*
    533 F.3d 381 (2008) ..............................................................................3

*Younis v. Pinnacle Airlines, Inc.,*
    610 F.3d 359 (6th Cir. 2010) .................................................................6

**Rules**

Fed. R. Civ. P. 56(e)....................................................................................5

Fed.R. Civ. P. 6(a).......................................................................................7

MCR 1.108(1) ..............................................................................................7

## I.      THE ABSENCE OF COMPARATOR EVIDENCE IS DISPOSITIVE.

Northover cannot establish her prima facie case because she fails to identify a comparator. There is no evidence any team member: (1) with similar performance was not given an opportunity letter; (2) was scrubbed from an opportunity letter list for bereavement with less than 20 days off; (3) was not demoted (or separated) after receiving two opportunity letters in six months; or (4) was not separated after failing to clear an opportunity letter. *Smith v. City of Toledo,* 13 F.4th 508, 515 (6th Cir. 2021) ("With respect to the prima facie case, Smith has not identified a comparator—that is, someone of a different race, who was similarly situated to him, but who was treated better."); *Mensah v. Mich. Dep't of Corr.,* 621 F. App'x 332, 336 (6th Cir. 2015) (plaintiff "failed to present a similarly-situated employee"); *Gjokaj v. U.S. Steel Corp.,* 700 F. App'x 494, 504-05 (6th Cir. 2017) (plaintiff could "not identif[y] any other similarly situated . . . employee who engaged in comparable behavior, but was not terminated"); and *Brown v. FCA US LLC,* 2025 U.S. App. LEXIS 33120, *12 (6th Cir. December 17, 2025) (Plaintiff "cites no legal authority for the position that, in the absence of *any* comparator evidence, other circumstantial evidence may satisfy the similarly situated element.") (Ex. 61).

## II.     NORTHOVER CANNOT ESTABLISH CAUSATION.

Northover offers no evidence that anyone involved with the December 2022 Opportunity Letter knew of any protected activity. For the April 2023 Opportunity

1

Letter, Northover argues Saleh and Kozempa "failed to apply the bereavement scrubbing process[1] . . . after they knew of Northover's . . . prior . . . discrimination suits." ECF 58, PgID 3529-30. Northover cites no evidence Saleh or Kozempa knew of *Northover I* or *II* because none exists. Northover cannot establish causation because Saleh and Kozempa did not learn of the EEOC charge[2] until ***after*** the April 2023 Opportunity Letter. Ex. 47. Subsequent disclosure of the charge does not excuse Northover from the opportunity letter. *Beard v. AAA*, 593 F. App'x 447, 451 (6th Cir. 2014) ("An employee cannot allege discrimination like a protective amulet when faced with the possibility that [her] preexisting disciplinary problems could lead to [her] termination."); *McKinnon v. L-3 Communications*, 814 F. App'x 35, 45 (6th Cir. 2020) ("Evidence that an employer proceeded along lines previously contemplated, though not yet definitively determined, in taking its adverse employment action is no evidence whatever of causality.") (citation omitted).

## III.   NORTHOVER CANNOT ESTABLISH PRETEXT.

To show pretext, Northover must present evidence her poor performance "(1) has no basis in fact, (2) was not the actual reason, or (3) is insufficient to explain" the opportunity letters and separation. *White v. Baxter Healthcare Corp.,* 533 F.3d

---

[1] The scrubbing process did not require Northover to be removed from the list.
[2] Northover's alleged concerns to Dingman about the December 2022 Opportunity Letter being unfair, are not "protected activity" because general unfairness is not a violation of Title VII. *Jackson v. Genesee County Rd. Comm'n,* 999 F.3d 333, 344 (6th Cir. 2021) (Title VII protects employees that oppose Title VII violations).

381, 393 (2008) (citations omitted). In *Tennial v. UPS,* the Sixth Circuit stated "proof that an employer treated similarly situated Caucasian employees differently" was "especially relevant" to show pretext, and the plaintiff "must therefore show that similarly situated Caucasian 'comparators' were responsible for similar performance deficiencies, yet were not placed a MPIP or demoted." 840 F.3d 292, 303-304 (6th Cir. 2016) (citation omitted). Northover cannot show pretext because she concedes her poor performance was worse than all five alleged comparators (four of whom also received opportunity letters, and two of whom were separated).

### A.     The December 2022 Opportunity Letter.

Northover incorrectly argues the December 2022 Opportunity Letter was improper because: (1) some bankers had less "incentive compensation credits"; and (2) Comparator #1 had a lower pace-to-goal during the lookback period. ECF 58, PgID 3515. This argument fails for three reasons:

1. December 2022 Opportunity letters were based on "pace-to-goal", not incentive compensation credits. Exs. 11, 16.

2. Northover had the lowest pace-to-goal of eligible team members. Comparator #1 was ineligible for an opportunity letter because he received one in the prior cycle and was separated for failing to meet clear it a few days later. Ex. 13, 68:19-25 (team members on an opportunity letter are ineligible for one in the next cycle); Ex. 15.

3. The December 2022 Opportunity Letter did not result in any adverse action because Northover cleared it. If Northover had not received the December 2022 Opportunity Letter, she still would have received the April 2023 Opportunity Letter and been separated for failing to clear it.

3

**B.      The April 2023 Opportunity Letter.**

Northover concedes she was in the bottom 10% of closings in her specialty in the April 2023 Opportunity Letter lookback period. ECF 58, PgID 3515-6. She incorrectly argues the April 2023 Opportunity Letter was improper because: (1) her specialty changed and Rocket Mortgage measured her performance against others who had not transitioned out of the former RME Refinance specialty; and (2) she had nine days off for bereavement. *Id.* This argument fails for five reasons:

1. As Northover admits, specialty changes only excuse team members from opportunity letters in the rare instance the change involves a "ramp-up." ECF 58, PgID 3518. Northover's specialty change did not involve a ramp-up. ECF 56-9, 185:17-20.

2. The RME Refinance specialty ended March 1, 2023. ECF 56-9, 184:7-18. All affected bankers were evaluated the same, and another former RME Refinance banker who performed better than Northover also received an opportunity letter. Ex. 8, 196:12 – 197:22; Ex. 20, p. 2.

3. If Northover was compared to former RME Refinance bankers, she still would have received an opportunity letter as she had the least closings of all former RME Bankers in the lookback period. Exs. 12, 18, 20.

4. Bereavement only excuses team members from opportunity letters if they exceed 20 days off during the lookback period. Ex. 8, 191:12 – 20 and 200:19 – 201:18. Northover did not exceed 20 days off, and there is no evidence any team member was ever excused from an opportunity letter for bereavement with less than 20 days off.

5. April 2023 Opportunity Letters were based on closings. Northover's bereavement in March did not affect her closings in the lookback period because it takes 30 days for loans to close. Ex. 7, 260:17 – 261:19.

Northover had to achieve six folders (50% of her prorated goal) between April 1 and May 7, 2023 to avoid separation. As of May 10, 2023 she had four. Northover

4

does not dispute this fact and offers no evidence that any team member who failed to achieve 50% of their opportunity letter goal was not separated.

## IV.   NORTHOVER'S FMLA CLAIM FAILS.

Rocket Mortgage argues that Northover cannot satisfy the required elements of her FMLA claims because: (1) Rocket Mortgage did not deny any request for FMLA benefits; and (2) there is no causal connection between any FMLA activity and any adverse action because Northover's performance goal was prorated for the three days of FMLA leave she took between April 1 and May 7, 2023. ECF 56, PgID 1809-11. Northover does not respond to these arguments, and does not mention her prorated goal at all, let alone explain how she was entitled to both a prorated goal and extra time to meet her prorated goal. ECF 58, PgID 3531. Northover's failure to respond results in waiver of her FMLA claim. *Kuhn v. Washtenaw Cnty.,* 709 F.3d 612, 624 (6th Cir. 2013) ("[A]rguments adverted to in only a perfunctory manner, are waived."); Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . (3) grant summary judgment."). Northover speculates she "could have closed more loans" if permitted to work the full day on May 10. ECF 58, PgID 3531. Such speculation is insufficient to avoid summary judgment because the deadline passed, the goal was folders (not closings), and Northover averaged less than one folder per week between April 1 and May 7. Ex. 23A, 1:00 – 1:35; Ex. 23B, pp. 2-3.

5

## V.      NORTHOVER'S ADMINISTRATIVE REMEDIES.

Northover claims the word "discharge" in her charge "prompted the EEOC to investigate Northover's termination." ECF 58, PgID 3527-8. This argument fails for three reasons. First, there is no evidence the EEOC investigated termination as Northover contends. *Id.* Second, the word "discharge" would not prompt the EEOC to investigate Northover's claims that the opportunity letters were improper. Third, the word "discharge" was part of a ***legal*** conclusion that Title VII rights were violated. Ex. 25 ("I believe I was discriminated against, harassed, demoted, retaliated against, discharged, subjected to different terms and condition . . . in violation of Title VII."). The charge alleged no ***facts*** about separation. "[T]he liberal construction to be given charges . . . ***cannot extend to include facts and claims not alleged***." *Jones v. Sumser Retirement Village,* 209 F.3d 851, 854 (6th Cir. 2000) (emph. added). The ***facts*** alleged were that others who received opportunity letters were allowed to transfer and not demoted. Ex. 25. In fact, the charge indicated Northover ***had not been separated***. *Id.* ("My ***current*** position is an Executive Refinance Banker.") (emph. added). The charge alleged no ***facts*** about improper receipt of opportunity letters or separation. *Younis v. Pinnacle Airlines, Inc.,* 610 F.3d 359, 362 (6th Cir. 2010) ("The sharp differences between [the] evidence [presented at trial] and the allegations in [the plaintiff's] administrative charges compel the conclusion that he failed to exhaust his administrative remedies.") (citation omitted).

6

## VI.    THE CONTRACTUAL LIMITATIONS PERIOD.

Northover was separated on May 10, 2023 and filed suit on May 10, 2024—one year and one day later. Northover argues the separation date is not counted under Rule 6(a) and MCR 1.108(1). ECF 58, PgID 3524-5. But those rules do not apply to contractual time periods. In *Rust v. Quality Car Corral*, the Sixth Circuit held that the triggering date is counted. 614 F.2d 1118 (6th Cir. 1980). *Rust* was overruled because of Rule 6(a), but remains good law where, as here, Rule 6(a) does not apply. Northover cites *Rice v. Jefferson Pilot Fin. Ins.,* 578 F.3d 450, 456-457 (6th Cir. 2009) , which is inapplicable because it does not address whether the triggering date should be counted. In any event, even if Northover is somehow correct that the date of her separation is not counted, her claims based on any prior alleged adverse actions (such as the opportunity letters and demotion) are still time-barred.

Northover also argues the contractual limitations period is unenforceable under *Rayford v. Am. House Roseville I, LLC,* which holds that the "*Camelot* factors" govern whether a shortened limitations period is reasonable. 2025 Mich. LEXIS 1400 (July 31, 2025). However, Northover fails to explain how the limitations period is unreasonable under the *Camelot* factors and has waived the argument. *Kuhn,* 709 F.3d at 624 ("[A]rguments adverted to in only a perfunctory manner, are waived.").

Respectfully submitted,
/s/ Jeffrey M. Thomson
JEFFREY M. THOMSON (P72202)
jthomson@morganrothlaw.com

Dated:  March 5, 2026

7

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2026, I electronically filed the foregoing document with the Clerk of the Court using the Court's electronic filing system which will send notification of such filing to counsel in this matter registered with the Court's electronic filing system.

MORGANROTH & MORGANROTH, PLLC
 /s/ Jeffrey M. Thomson
JEFFREY M. THOMSON (P72202)

8